IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KAREN SCHAFFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-887 T |
| | ) | Judge Sweeney |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, Part III, paragraph 4, RCFC, the parties hereby provide the Joint Preliminary Status Report:

1. Jurisdiction: If the Court has jurisdiction, it is based upon 28 U.S.C. § 1491(a)(1).

2. Consolidation: Currently pending before the Court is the parties' joint motion to transfer this and seven other related cases to a common judge. The eight related cases are: (1) *Frederick Schaffer v. United States*, No. 06-880 T; (2) *Queenie Schaffer v. United States*, No. 06-881 T; (3) *I. Robin Schaffer v. United States*, No. 06-882 T; (4) *Barbara Schaffer v. United States*, No. 06-883 T; (5) *S. Andrew Schaffer v. United States*, No. 06-884 T; (6) *Peter R. Schaffer v. United States*, No. 06-885 T; (7) *Eve-Marie Schaffer v. United States*, No. 06-886 T; and (8) *Karen Schaffer v. United States*, No. 06-887 T. All but one of the cases (*Frederick Schaffer v. United States*, No. 06-880 T) have been assigned or reassigned to Judge Sweeney of this Court. At this time, in addition to renewing their request that all eight cases be assigned to a common judge, the parties respectfully ask the Court to adopt a coordinated pretrial schedule and to consolidate the eight cases for trial.

The plaintiffs in the eight *Schaffer* cases consist of four brothers (Frederick Schaffer, I. Robin Schaffer, S. Andrew Schaffer, and Peter Schaffer) and their respective wives (Barbara, Queenie, the instant plaintiff, Karen, and Eve-Marie). Each plaintiff claims a refund of federal gift taxes paid on gifts of shares of stock in a closely held corporation called Case Paper Company, Inc. Six of the plaintiffs (Frederick Schaffer, Barbara Schaffer, I. Robin Schaffer, Queenie Schaffer, S. Andrew Schaffer, and Karen Schaffer) claim a refund for gifts made during the years 1995, 1996, and 1997. Two of the plaintiffs (Peter Schaffer and Eve-Marie Schaffer) claim a refund for gifts made during only the years 1995 and 1997. The same counsel represents all eight plaintiffs.

Although the parties originally maintained that the eight cases are indirectly related within the meaning of RCFC 40.2(b), the parties now agree that at least one of the other seven cases (*S. Andrew Schaffer v. United States*, No. 06-884 T) is directly related to the instant case within the meaning of RCFC 40.2(a). According to Rule 40.2(a), "[c]ases are deemed directly related when an earlier-field case and the action being filed involve the same . . . property." RCFC 40.2(a)(1)(B). Section 2513 of the Internal Revenue Code provides that a gift made by one spouse to any person other than his spouse shall be considered as made one-half by him and one-half by his spouse. Thus, the gift tax liabilities of Karen and S. Andrew for the years at issue arise from the same gifts, and the cases are directly related.

In addition, all eight cases are indirectly related because they involve the same central issues of fact. *See* RCFC 40.2(b) ("Whenever it appears to a party that there are two or more cases before the court that present common issues of fact and that transfer, consolidation, or the adoption of a coordinated discovery schedule would significantly promote the efficient

administration of justice, the party may file a Notice of Indirectly Related Case(s)"). The central contention of each plaintiff is that the value of the shares used to compute the plaintiff's gift tax liability for each year in issue was overstated. *See, e.g.*, Compl. ¶¶ 8, 17, 27; *see also* I.R.C. § 2512(a) (providing that, for purposes of computing gift tax liability, "[i]f the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift"). Thus, the primary issue in each case is the per-share value of Case Paper Company, Inc., on the dates that the plaintiffs gifted the shares. Because the dates of the gifts at issue in all eight cases span the same three-year period (1995-1997), the valuation questions in all eight cases will be substantially identical.

Accordingly, the parties respectfully ask that the Court adopt a coordinated pretrial schedule for all eight cases. A coordinated pretrial schedule would enable the parties to efficiently plan and conduct discovery on the central valuation question raised in each case. Coordination of pretrial proceedings would also conserve the Court's resources by reducing the number of status conferences and other pretrial hearings necessary.

The parties further request that the cases be consolidated for trial. A consolidated trial would reduce the amount of the parties' and the Court's time and resources needed to resolve this case by eliminating the parties' need to introduce, and the Court's need to hear, the same evidence more than once. Because the trial of the valuation issue likely will involve the testimony of one or more expert witnesses, a consolidated trial would conserve not only the standard costs of litigation, but also the expenses associated with expert testimony. Finally, a consolidated trial would eliminate the risk of inconsistent outcomes on the same issues of fact.

In sum, a coordinated pretrial schedule and a consolidated trial would promote the efficient administration of justice and conserve judicial resources.

3. Bifurcation of liability and damages: This is a tax refund suit and there are no "damages" per se at issue. If the Court enters judgment for plaintiff, the parties would endeavor to stipulate to the amount of any refund due.

4. Deferral of proceedings: The parties are not aware of any basis for deferral of proceedings.

5. Remand or suspension: The parties do not now anticipate seeking a suspension of this case, and remand of a tax refund suit is inappropriate.

6. Additional parties: The parties know of no additional parties to be joined.

7. Dispositive motions: At this time, no final determination has been made with respect to any dispositive motion. If circumstances change based upon facts developed during discovery, the parties will notify the Court and propose a schedule for any intended filing.

8. Factual and legal issues: The issue in a tax refund case is whether the plaintiff can establish an overpayment of taxes in the year(s) before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The subsidiary issue in this case is the value, under § 2512 of the Internal Revenue Code, of certain shares of stock in Case Paper Company, Inc., on the dates in 1995, 1996, and 1997 that plaintiff made gifts of such shares.

9. Settlement: The parties intend to explore the possibility of settlement and alternative dispute resolution after the completion of fact and expert discovery.

10. Trial: Absent settlement, the parties anticipate that a trial will be necessary. At this time, neither party requests an expedited trial schedule.

11. Special issues: This case has been designated for ECF.

12. Other information: At this time, the parties do not know of any additional information of which the Court should be aware.

13. Schedule: Plaintiff proposes the following tentative schedule for completion of fact and expert discovery and other pretrial matters:

a. Close of fact discovery: April 18, 2008

b. Disclosure of both parties' experts and reports: May 18, 2008

c. Depositions of experts: between May 18, 2008, and August 29, 2008

d. Disclosure of any rebuttal reports, by either party: September 19, 2008

e. Depositions of any rebuttal experts: between September 19, 2008, and October 17, 2008

f. Close of all discovery: October 17, 2008

Defendant proposes the following tentative schedule for completion of fact and expert discovery and other pretrial matters:

a. Close of fact discovery: April 18, 2008

b. Disclosure of plaintiff's expert(s) and report(s): May 18, 2008

c. Deposition of plaintiff's expert(s): between May 18, 2008, and June 30, 2008

d. Disclosure of defendant's expert(s) and report(s): July 17, 2008

e. Deposition of defendant's expert(s): between July 17, 2008, and August 29, 2008

f. Disclosure of any rebuttal reports, by either party: September 19, 2008

g. Depositions of any rebuttal experts: between September 19, 2008, and October 17, 2008

h. Close of all discovery: October 17, 2008

Respectfully submitted,

/s/ Bernard S. Mark
BERNARD S. MARK
Kestenbaum & Mark
40 Cutter Mill Rd.
Great Neck, N.Y. 11021
Tel.: (516) 466-0410
FAX: (516) 487-0810

*Attorney for Plaintiff*

/s/ Karen Servidea
KAREN SERVIDEA
Attorney of Record
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 616-3423
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

/s/ G. Robson Stewart
Of Counsel

*Attorneys for Defendant*

June 18, 2007